IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OMAR SANCHEZ #20130801109, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13 C 7464 |
| ) | |
| COOK COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM ORDER

Omar Sanchez ("Sanchez") has employed the printed form of 42 U.S.C. §1983 ("Section 1983") Complaint, made available by the Clerk's Office for use by persons in custody, to file a detailed claim charging both (1) asserted discrimination in violation of the Americans With Disabilities Act and the Rehabilitation Act of 1973 and (2) the asserted violation of his constitutional rights in the same respects (Sanchez is a wheelchair-bound detainee at the Cook County Department of Corrections ("County Jail")). That 19-page Complaint has been accompanied by a thick exhibit package that is really an inappropriate part of the Complaint as such (it constitutes bulky evidentiary material, rather than making the "short and plain statement" requirement for pleading called for by Fed. R. Civ. P. ("Rule") 8(a)(2).

In addition to his Complaint and the inappropriately bulky exhibit package, Sanchez has submitted two other documents prepared on Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Attorney

Representation ("Motion"). But those documents and the Complaint pose a question that prevents this Court from complying with its obligation under 28 U.S.C. §1915 ("Section 1915") in acting on the Application. For that purpose Section 1915(a)(2) requires that the accompanying printout of transactions in a prisoner plaintiff's trust fund account must cover the period when the prisoner was in custody during the six-month period preceding the filing of the Complaint, and Sanchez' submissions are totally unclear as to that filing date.

In that respect Sanchez is entitled to the benefit of the "mailbox rule" (Houston v. Lack, 487 U.S. 266 (1988)), under which the filing date is treated as the date on which he mailed, or delivered to the custodial personnel for mailing, the Complaint. And on that score:

> 1. Sanchez signed the Complaint itself on September 16, 2013, and he signed both the Application and the Motion on September 23. Relatedly, the fiscal person at the County Jail signed the certificate regarding the trust fund account (part of the Application) on September 20.
>
> 2. Yet for some unexplained reason, Sanchez' documents were not received this District Court's Clerk's Office until October 17--weeks later.

Until that substantial discrepancy is cleared up, this Court cannot of course determine Sanchez' average monthly deposits to

2

the account during the relevant time period (the trust fund account printout covers only the period from Sanchez' August 2, 2013 booking at the County Jail through September 17). Accordingly Sanchez is ordered to provide this Court <u>forthwith</u> with (1) a filing stating and explaining the Complaint's filing date (taking account of the "mailbox rule" as explained earlier) and (2) a new trust fund account printout covering the entire period from August 2 until that filing date.  This Court expects to act on the matter promptly after receiving that added information.

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 24, 2013